Darren Le Montree, Esq. (SBN 198715)
Julie Van Wert, Esq. (SBN 166712)
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone: (213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant,
ILLINOIS UNION INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON W. BAYLESS and GARY J. MORGENTHALER, as Trustees in Dissolution for WESTWAVE COMMUNICATIONS, INC. a dissolved Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS UNION INSURANCE COMPANY, and DOES 1-10,<br><br>Defendants. | Case No. CV 081779 JSW<br><br>**DEFENDANT'S NOTICE OF LODGING ILLINOIS UNION INSURANCE COMPANY'S ANSWER TO COMPLAINT FILED IN STATE COURT**<br><br>Magistrate Judge Jeffrey S. White<br>Courtroom 2, 17th Floor |

TO THIS HONORABLE COURT, AND ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE that Defendant, ILLINOIS UNION INSURANCE COMPANY, hereby lodges its Answer to Plaintiff's Complaint filed on March 18, 2008, in State Court in connection with the above-entitled action. A copy of Defendant's Answer is attached hereto as Exhibit 1.

///

///

///

1
**DEFENDANT'S NOTICE OF LODGING ILLINOIS UNION INSURANCE COMPANY'S ANSWER TO COMPLAINT FILED IN STATE COURT**

649754.1

1  Dated: May 7, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
Darren Le Montree
Julie Van Wert
Attorneys for Defendant,
ILLINOIS UNION INSURANCE COMPANY

| | |
|---|---|
| 1  Darren Le Montree, Esq. (State Bar No. 198715)<br>    Julie Van Wert (State Bar No. 166712) | **ENDORSED FILED**<br>Superior Court of California<br>County of San Francisco |
| 2  WILSON, ELSER, MOSKOWITZ,<br>    EDELMAN & DICKER LLP | |
| 3  555 South Flower Street, Suite 2900 | MAR 1 8 2008 |
|    Los Angeles, California 90071 | |
| 4  Telephone:  (213) 443-5100 | GORDON PARK-LI, Clerk |
|    Facsimile:  (213) 443-5101 | BY: ____MARIA SANCHEZ____ |
| 5 | Deputy Clerk |

Attorneys for Defendant,
ILLINOIS UNION INSURANCE COMPANY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JON W. BAYLESS and GARY J. MORGENTHALER, as Trustees in Dissolution for WESTWAVE COMMUNICATIONS, INC. a dissolved Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ILLINOIS UNION INSURANCE COMPANY, and DOES 1-10.<br><br>Defendants. | Case No.: CGC08471381<br><br>**ILLINOIS UNION INSURANCE COMPANY'S ANSWER TO COMPLAINT**<br><br>FAXED<br><br>Dept. 212<br><br>Action Filed: January 25, 2008 |

Pursuant to the provisions of the California Code of Civil Procedure, Section 431.30(d), Defendant, ILLINOIS UNION INSURANCE COMPANY (hereinafter, "Defendant"), on behalf of itself only, generally and specifically denies each and every allegation contained in the Complaint of Plaintiffs, JON W. BAYLESS and GARY J. MORGENTHALER, as Trustees in Dissolution for WESTWAVE COMMUNICATIONS, INC. ("Westwave") a dissolved Delaware Corporation (hereinafter "Plaintiffs"), and denies each and every cause of action contained therein, and denies that Plaintiffs have been damaged in the sum alleged or in any other sum by any act, breach or omission by Defendant.

///

1

ILLINOIS UNION INSURANCE COMPANY'S ANSWER TO COMPLAINT

637998.1

### FIRST AFFIRMATIVE DEFENSE

As a first and separate affirmative defense, Defendant alleges as follows:

1. Plaintiffs' Complaint herein and each and every cause of action thereof, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

As a second and separate affirmative defense, Defendant alleges as follows:

2. Defendant is informed and believes, and on such information and belief alleges, that the Complaint and each and every cause of action therein is barred by the applicable statutes of limitation set forth in California Code of Civil Procedure Sections 335.1, 337, 338, 339 and 340, and any other applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

As a third and separate affirmative defense, Defendant alleges as follows:

3. Defendant is informed and believes, and on such information and belief alleges, that Plaintiffs are precluded from asserting each and every cause of action, or otherwise asserting any right to relief against Defendant, by reason of the inequitable conduct of Westwave and/or its agents amounting to unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth and separate affirmative defense, Defendant alleges as follows:

4. Defendant is informed and believes, and on such information and belief alleges, that Plaintiffs' Complaint and each cause of action therein is barred by the doctrines of waiver, estoppel and laches.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth and separate affirmative defense, Defendant alleges as follows:

5. Defendant is informed and believes, and on such information and belief alleges, that Westwave and/or its agents at all times relevant, gave their consent, express or implied, to any acts, omissions and any and all conduct by Westwave. alleged in the Complaint, and to each and every cause of action contained therein.

## SIXTH AFFIRMATIVE DEFENSE

As a sixth and separate affirmative defense, Defendant alleges as follows:

6. Defendant is informed and believes, and on such information and belief alleges, that Plaintiffs are barred from asserting each and all of the alleged causes of action contained in the Complaint or otherwise asserting any right to relief against Defendant because Westwave and/or its agents ratified the alleged acts and/or omissions of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

As a seventh and separate affirmative defense, Defendant alleges as follows:

7. Defendant is informed and believes, and on such information and belief alleges, that Westwave and/or its agents have failed to take reasonable steps to avoid the damages, if any there were, as alleged in the Complaint, and each and every cause of action contained therein. To the extent that such damages, if any, were incurred, Plaintiffs' recovery, if any, should be reduced accordingly.

## EIGHTH AFFIRMATIVE DEFENSE

As an eighth and separate affirmative defense, Defendant alleges as follows:

8. Defendant is informed and believes, and on such information and belief alleges, that the agreement at issue in the Complaint imposed on Westwave the duty of good faith and fair dealing between them. Westwave and/or its agents have engaged in acts, omissions and conduct which constitute a breach of that duty and which was calculated to harm Defendant and prevent Defendant from performing its alleged obligations, if any, under the alleged agreement.

## NINTH AFFIRMATIVE DEFENSE

As a ninth and separate affirmative defense, Defendant alleges as follows:

9. Defendant is informed and believes, and on such information and belief alleges, that Westwave and/or its agents have expressly and/or impliedly or by operation of law excused Defendant from any and all obligations under the alleged agreement and from any and all rights to recover under each and every claim alleged in the Complaint.

///

3

## TENTH AFFIRMATIVE DEFENSE

As a tenth and separate affirmative defense, Defendant alleges as follows:

10. Defendant is informed and believes, and on such information and belief alleges, that Westwave and/or its agents released Defendant expressly and/or impliedly from any and all liability and from any and all rights to recover under each and every claim alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh and separate affirmative defense, Defendant alleges as follows:

11. Defendant alleges that Plaintiffs claims are barred in that Defendant has fully performed all obligations required of it under the terms of the subject insurance contract in connection with Plaintiffs' claims for loss and damage.

## TWELFTH AFFIRMATIVE DEFENSE

As a twelfth and separate affirmative defense, Defendant alleges as follows:

12. Defendant is informed and believes, and on such information and belief alleges, that the conduct of Westwave and/or its agents was such that any recovery would be contrary to public policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth and separate affirmative defense, Defendant alleges as follows:

13. Defendant is informed and believes, and on such information and belief alleges, that Plaintiffs are barred from enforcing Westwave's purported rights in the alleged agreement or any other right to relief against Defendant because of Westwave's substantial breach, which excuses any performance on the part of Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth and separate affirmative defense, Defendant alleges as follows:

14. Defendant is informed and believes, and on such information and belief alleges, that Plaintiffs are barred from enforcing their purported rights in the alleged agreement or any other right to relief against Defendant because any alleged obligations that Defendant may have

4

had were extinguished or did not come into existence by Westwave's failure to perform.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth and separate affirmative defense, Defendant alleges as follows:

15. Defendant is informed and believes, and on such information and belief alleges, that Plaintiffs are barred from enforcing their purported rights in the alleged agreement or any other right to relief against Defendant because the purported obligations under the alleged agreement, if any, did not come into existence by reason of the failure of a condition precedent.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a sixteenth and separate affirmative defense, Defendant alleges as follows:

16. Defendant reserves the right to assert, and does hereby assert the applicability of exclusions and Policy limitations based upon endorsements and other Policy terms, conditions and provisions, that bar or limit coverage and the right to recover under the claims asserted herein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a seventeenth and separate affirmative defense, Defendant alleges as follows:

17. Defendant is informed and believes, and on such information and belief alleges, that the Complaint seeks damages which are not properly recoverable under the theories set forth in the Complaint, including, but not limited to, prejudgment interest, attorneys' fees and amounts claimed which are not covered pursuant to the terms and conditions of the subject policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As a eighteenth and separate affirmative defense, Defendant alleges as follows:

18. Defendant asserts that coverage, if any, under the applicable policy is limited by public policy against indemnity for restitution and/or disgorgement under *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254 and its progeny.

///

///

///

ILLINOIS UNION INSURANCE COMPANY'S ANSWER TO COMPLAINT

637998.1

### NINETEENTH AFFIRMATIVE DEFENSE

As a nineteenth and separate affirmative defense, Defendant alleges as follows:

19. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery or clarification of Plaintiffs' claims indicates that they would be appropriate.

WHEREFORE, Defendant prays that judgment be entered against Plaintiffs and in favor of Defendant, that the Complaint herein be dismissed with prejudice that Plaintiffs take nothing by reason of the Complaint herein, that Defendant be awarded its costs of suit incurred herein and that Defendant be awarded such other and further relief as their Court deems just and proper.

Dated: March 17, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
Darren Le Montree
Julie Van Wert
Attorneys for Defendant,
ILLINOIS UNION INSURANCE COMPANY

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER and am over the age of 18 and not a party to the within action. My business address is 555 South Flower Street, Suite 2900, Los Angeles, California 90071.

On **March 18, 2008**, I served the foregoing document described as **ILLINOIS UNION INSURANCE COMPANY'S ANSWER TO COMPLAINT** on all interested parties, through their respective attorneys of record in their action, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| Philip L. Pillsbury, Jr., Esq.<br>Vedica Puri, Esq.<br>Eric K. Larson, Esq.<br>PILLSBURY & LEVINSON, LLP<br>The Transamerica Pyramid<br>600 Montgomery Street, 31st Floor<br>San Francisco, CA 94111 | Attorneys for Plaintiffs: JON W. BAYLESS and GARY J. MORGENTHALER, as Trustees in Dissolution for WESTWAVE COMMUNICATIONS, INC. a dissolved Delaware Corporation<br><br>Phone: (415) 433-8000 - Fax:   (415) 433-4816<br>ppillsbury@pillsburylevinson.com<br>vpuri@pillsburylevinson.com<br>ppillsbury@pillsburylevinson.com |

____XX__ **(BY MAIL)** I caused such envelope(s) fully prepaid to be placed in the United States Mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence or mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ **(BY PERSONAL SERVICE)** I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

_____ **(BY FACSIMILE)** I caused such document(s) to be telephonically transmitted to the offices of the addressee(s).

JURISDICTION

__XX__ (State) I declare under penalty of perjury that the above is true and correct.

Executed on **March 18, 2008**, at Los Angeles, California.

_____
Irene Guzman-Buelna

7

ILLINOIS UNION INSURANCE COMPANY'S ANSWER TO COMPLAINT

637998.1