Philip L. Pillsbury, Jr. (SBN 72261)
Vedica Puri (SBN 176252)
Eric K. Larson (SBN 142791)
PILLSBURY & LEVINSON, LLP
The Transamerica Pyramid
600 Montgomery Street, 31st Floor
San Francisco, CA 94111
Telephone:  (415) 433-8000
Facsimile:   (415) 433-4816
Email: ppillsbury@pillsburylevinson.com
         vpuri@pillsburylevinson.com
         rlarson@pillsburylevinson.com

Attorneys for Plaintiffs
JON W. BAYLESS and GARY J. MORGENTHALER,
as Trustees in Dissolution for WESTWAVE COMMUNCATIONS, INC.
a dissolved Delaware Corporation

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON W. BAYLESS and GARY J. MORGENTHALER, as Trustees in Dissolution for WESTWAVE COMMUNICATIONS, INC. a dissolved Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ILLINOIS UNION INSURANCE COMPANY, and DOES 1-10.<br><br>Defendants. | Case No.  C 08-01779 JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  August 15, 2008<br>Time: 1:30 p.m.<br>Place: Courtroom l2, 17th Floor<br>Honorable Jeffrey S. White |

    Plaintiffs Jon W. Bayless and Gary J. Morgenthaler, as Trustees in Dissolution for Westwave Communications, Inc., a dissolved Delaware Corporation ("Westwave") and Defendant Illinois Union Insurance Company submit the following Joint Case Management Statement.

/ / /

1. <u>Jurisdiction and service</u>.

This action was originally filed in the Superior Court of California for the County of San Francisco and removed by Illinois Union pursuant to 28 U.S.C. § 1441(b), asserting original diversity jurisdiction under 28 U.S.C. § 1332. All parties have been served.

2. <u>Facts</u>.

Plaintiff Westwave was a software company, now dissolved with its principal place of business in Santa Rosa, California. Pursuant to an Order of the Chancery Court of Delaware, plaintiffs Bayless and Morgenthaler were appointed as Trustees in Dissolution for Westwave and granted the power to assert these claims against Illinois Union.

Illinois Union issued a Directors and Officers insurance policy to Westwave with a policy period of October 1, 2002 to October 1, 2003 on a claims made and reported basis (the "D&O policy"). The D&O policy provides, subject to its terms, conditions, exclusions and limitations, indemnity coverage to Westwave's directors and officers individually for covered loss resulting from claims made directly against the directors and officers and indemnity coverage to Westwave for covered loss resulting from claims made against it.

Westwave was involved in litigation brought by a disgruntled shareholder and director, alleging that Westwave's board of directors breached its fiduciary duties by failing to pursue litigation against Alcatel USA for an asserted breach of a license agreement. The claim was timely tendered to Illinois Union, on September 20, 2003, under the D&O policy.

Westwave hired Cooley Godward LLP to defend it. Illinois Union acknowledged its duty to defend Westwave in the action and agreed to reimburse Westwave's reasonable and necessary fees pursuant to its reservation of rights. The underlying action settled at mediation on February 24, 2006 for $875,000. Illinois Union reimbursed Westwave for $524,616.19, minus the $25,000 retention, of its $885,701.00 in billed attorneys fees and costs incurred in defending the action and for $425,000 of the settlement amount. Westwave seeks to recover the difference.

/ / /

/ / /

3. <u>Legal issues</u>.

Whether the D&O policy provides coverage to Westwave for the $875,000 settlement paid and all billed attorneys fees and costs in their entirety.

4. <u>Motions</u>.

There are no pending motions. The parties anticipate filing motions for summary judgment/adjudication on the issues of coverage and the genuine dispute doctrine.

5. <u>Amendments of Pleadings</u>.

The parties do not anticipate any required amendment of pleadings.

6. <u>Evidence preservation</u>.

Westwave's documents consist of the documents related to the underlying action, settlement documentation, bills for attorneys' fees and expenses and correspondence with Illinois Union. All of these documents exist in Westwave's possession, custody or control and have and will be preserved. Illinois Union's documents include its claim file maintained in connection with this action and the subject insurance policy. Illinois Union has taken reasonable steps to ensure that these materials are preserved.

7. <u>Disclosures</u>.

The parties are set to exchange their initial disclosures on August 8, 2008.

8. <u>Discovery</u>.

The parties plan to follow these guidelines:

| | |
|---|---|
| Initial Disclosures | August 8, 2008 |
| Document Requests Served | August 22, 2008 |
| Interrogatories/RFAs Served | September 15, 2008 |
| Depositions, no more than ten per side, to be scheduled after mediation | December 2008-May 2009 |
| Fact Discovery Completed | May 30, 2009 |

9. <u>Class actions</u>.

Not applicable.

/ / /

10. <u>Related cases</u>.

There are no related cases.

11. <u>Relief</u>.

Westwave settled the underlying claim for $875,000 and incurred $885,701.00 in legal fees and expenses. Illinois Union has paid $425,000 of the settlement amount and $524,616.19, minus the $25,000 retention, of the legal fees and expenses billed. The total amount Westwave is claiming Illinois Union owes under Westwave's claim for breach of contract is $811,084.81, with interest thereon.

Westwave also seeks its attorneys fees and expenses incurred in pursuing this coverage action under *Brandt v. Superior Court*, 37 Cal.3d 813 (1985) and punitive damages for Illinois Union's alleged bad faith conduct in handling this claim.

12. <u>Alternative Dispute Resolution</u>.

The parties have agreed to mediate this matter before JAMS in San Francisco and will do so by December 15, 2008.

13. <u>Consent to Magistrate Judge for all purposes</u>.

The parties do not so consent.

14. <u>Other references</u>.

This case is not suitable for reference.

15. <u>Narrowing of issues</u>.

The parties believe that the issue of coverage for, and Illinois Union's alleged liability for, the remaining settlement amounts in the underlying action, and the attorneys fees and expenses incurred in defending that action, may be resolved on motions for summary judgment/adjudication. Additionally, Illinois Union may move for summary adjudication on the application of the genuine dispute doctrine.

16. <u>Expedited schedule</u>.

Not applicable.

17. <u>Scheduling</u>.

The parties propose the following dates:

| | |
|---|---|
| Fact Discovery Cut-Off | May 30, 2009 |
| Designation of Experts and Exchange of Reports | June 29, 2009 |
| Designation of Rebuttal Experts | July 30, 2009 |
| Expert Discovery Cutoff | August 31, 2009 |
| Last Day to Hear Dispositive Motions | August 31, 2009 |
| Pretrial Conference | October 2009 |
| Trial | November 2009 |

18. <u>Trial</u>.

Westwave has demanded a jury trial and estimates a trial of eight court days.

19. <u>Disclosure of nonparty interested entities or persons</u>.

Both plaintiffs and defendant have filed certificates of interested non-parties.

Dated: August 8, 2008      PILLSBURY & LEVINSON, LLP

By: /s/ Eric K. Larson
Philip L. Pillsbury, Jr.
Vedica Puri
Eric K. Larson

Attorneys for Plaintiffs
JON W. BAYLESS, GARY J. MORGENTHALER, as Trustees in Dissolution for WESTWAVE COMMUNCATIONS, INC. a dissolved Delaware Corporation

Dated: August 8, 2008      WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ Darren Le Montree
Darren Le Montree
Attorneys for Defendant
ILLINOIS UNION INSURANCE COMPANY