1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN W BAYLESS,

        Plaintiff,

  v.

ILLINOIS UNION INSURANCE CO,

        Defendants.

_____/

No.  C 08-01779 JSW

**NOTICE OF QUESTIONS FOR HEARING**

     TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON MARCH 5, 2010 AT 9:00 A.M.:

     The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing, and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing.  *Cf*. N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.  The Court also suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

//

**United States District Court**
For the Northern District of California

The Court reserves issuing a tentative ruling on Federal Insurance Company's ("Federal") motion to dismiss Illinois Union Insurance Company's ("Illinois Union") third party complaint, and reserves ruling on whether leave to amend shall be granted.

The parties each shall have fifteen (15) minutes to address the following questions:

1. Rule 14(a) does not require that a third-party defendant be directly liable to the original plaintiff. Rather, the original defendant may recover judgment from a third-party defendant even if the third-party defendant has no direct liability to the original plaintiff. *See Irwin v. Mascott*, 94 F. Supp.2d 1052, 1056-57 (N.D. Cal. 2000) (citing *Huggins v. Graves*, 337 F.2d 486, 489 (6th Cir. 1964)); *Banks v. City of Emeryville*, 109 F.R.D. 535, 540 (N.D. Cal. 1985) (citing same). However, "a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative" in nature. *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983).

   a. Federal's motion appears to be premised solely on the argument that impleader is inappropriate because Jon Bayless ("Bayless") was not a named plaintiff. As set forth above, that fact is not dispositive. Given that Federal is the moving party, why should this Court not deny Federal's motion on the grounds that Federal has failed to meet its burden in showing that its potential liability is not in any way dependent on the outcome of the main claim and secondary or derivative in nature?

   b. What is Illinois Union's best argument that Federal's potential liability is dependent on the outcome of the main claim and secondary or derivative in nature?

2. Courts also balance the benefits afforded by impleader against a number of factors including: possible delay and prejudice to other parties, complication of issues at trial, and whether the third-party claim lacks merit. *See Irwin v. Mascott* 94 F. Supp.2d 1052, 1056 (N.D. Cal. 2000); *Ahern v. Gaussoin*, 104 F.R.D. 37, 40 (Or. 1984). In light of the

fact that Westwave and Illinois Union have settled, would Federal agree that most of these factors weigh in favor of impleader?

3.       Are there any other issues any party wishes to address?

     **IT IS SO ORDERED.**

Dated:   March 4, 2010

                                                      _____

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California