NORMAN J. BLEARS (SBN 95600)
HOGAN LOVELLS US LLP
525 University Avenue, 4th Floor
Palo Alto, California 94301
Telephone: (650) 463-4000
Facsimile: (650) 463-4199
njblears@hhlaw.com

Attorneys for Third-Party Defendant
FEDERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JON W. BAYLESS and GARY J. MORGENTHALER, as Trustees in Dissolution for WESTWAVE COMMUNICATIONS, INC., a dissolved Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ILLINOIS UNION INSURANCE COMPANY, and DOES 1-10,<br><br>    Defendants. | CASE NO.: 03:08-CV-01779-JSW<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |
| ILLINOIS UNION INSURANCE COMPANY,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>    Third-Party Defendant. | |

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION; CASE NO.: C 08-1779 JSW

1

WHEREAS, certain documents, materials, answers to interrogatories, responses to requests to admit, deposition testimony, etc., which may be requested during the course of discovery in this action may contain information that is privileged or is confidential personal or business information, confidential financial information, proprietary information, trade secrets or other confidential information which if disclosed might adversely affect the disclosing party's competitive position or business operations.

NOW, THEREFORE, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, and the parties having stipulated to the need for and terms of this stipulation and order (the "Stipulation and Protective Order"), it is ORDERED that:

A.  CONFIDENTIAL DOCUMENTS AND DISCOVERY RESPONSES

1. This Stipulation and Protective Order shall govern all documents, tangible things, and information produced, provided, or made available in this action by parties hereto or others (hereinafter "documents and discovery responses"). For the purposes of this Stipulation and Protective Order, the term "document" shall mean any written, typed or printed matter of any kind, sound recordings, computer or other electronic recordings, photographs, or any other medium for preserving, duplicating or recording written or spoken words or images.

2. Any producer of documents and discovery responses may designate as "confidential" any document or discovery response provided in the course of this litigation that constitutes or contains confidential personal or business information, confidential financial information, proprietary information, trade secrets, confidential communications from an insured or applicant for insurance, or other confidential information which if disclosed might adversely affect the disclosing party's competitive position or business operations. Any document designated "confidential" shall bear the label or stamp "CONFIDENTIAL."

3. Subject to the provisions of Paragraph 4 below, the documents and discovery responses that are designated "confidential" shall be used solely in the prosecution or defense of this action and for no other litigation, business or other purpose, except for the presentation of a claim to reinsurers,

4. a. Documents and discovery responses which are designated "confidential," copies thereof, and the information contained therein, shall not be exhibited or disclosed by counsel or by any party to any other person or entity; provided, however, that nothing herein shall prevent the exhibition of such documents or the disclosure of information contained therein only to the following persons, who shall use such documents and the information contained therein solely in the prosecution or defense of this case and for no other litigation, business or other purpose, except for the presentation of a claim to reinsurers:

> i. Counsel for the parties to this litigation, including in-house counsel, and their employees, who are actively engaged in connection with, or who are making decisions with respect to, the preparation for and trial of this litigation;
>
> ii. Current employees of the parties who are assisting in the preparation of, or are actively engaged in connection with, or are making decisions with respect to, the preparation for and trial of this litigation (provided that such persons shall not include persons employed as underwriters of any party unless the document pertains directly to an insurance policy of which that underwriter participated in the negotiation or issuance);

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION; CASE NO.: C 08-1779 JSW
3

   iii. Persons who have prepared or assisted in the preparation of such documents or to whom the documents or copies thereof were addressed or delivered;

   iv. Former employees of the parties who are assisting in the preparation of, or are actively engaged in connection with, or are making decisions with respect to, the preparation for and trial of this litigation, provided that such individuals have agreed to be bound by this Stipulation and Protective Order  (and further provided that such persons shall not include persons employed as underwriters of any party unless the document pertains directly to an insurance policy of which that underwriter participated in the negotiation or issuance);

   v. Court personnel and/or court reporters who actively are engaged in connection with the preparation for and trial of this action;

   vi. To the extent deemed necessary by counsel or the party's representatives, independent experts and consultants and their employees or clerical assistants who are employed, retained or otherwise consulted by counsel of record or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in any way in the above captioned action, provided that such individuals have agreed to be bound by this Stipulation and Protective Order;

   vii. To the extent deemed necessary by counsel, non-party witnesses or potential non-party witnesses, in preparation for giving testimony in

this litigation by deposition or at trial relating to "confidential" documents or who are believed to possess information deemed necessary for the prosecution or defense of this action, provided that the witness or potential witness has agreed to be bound by this Stipulation and Protective Order (and further provided that such persons shall not include persons employed as underwriters of any party unless the document pertains directly to an insurance policy of which that underwriter participated in the negotiation or issuance);

    viii. Any person who otherwise would be entitled to review the "confidential" documents, including reinsurers and auditors, as a result of federal or state laws, or court orders; provided, however, that such "confidential" documents will not be procured pursuant to a request for production of documents in any other action in the absence of an order requiring such production unless the producing party, after receiving notice of the request for production and having a reasonable opportunity to intervene and object to such production, fails to move for a protective order or take other action to bar disclosure;

    ix. A third party for the limited purpose of copying documents or providing messenger services for documents to the extent reasonably necessary for use in preparation for and participation in trial of and proceedings in this action. Documents in the possession of third parties as provided by this subsection shall be deemed to be

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION; CASE NO.: C 08-1779 JSW
5

in the possession of counsel releasing the documents, who shall remain responsible for assuring compliance with this Stipulation and Protective Order while the documents are in the possession of such third parties.

b.    No party receiving confidential documents or discovery responses shall disclose such documents or information contained therein to any person other than those specified in paragraph 4(a) of this Stipulation and Protective Order. However, if counsel shall thereafter desire to give, show, make available or communicate such materials in any way to any persons other than those referred to in paragraph 4(a) above, counsel shall notify the counsel for the party which produced materials designated "confidential" in writing of the proposed use or disclosure and shall specify the name, occupation and address of the person to whom disclosure is proposed, the reason for the proposed disclosure, and a description of the documents or information to be disclosed.

c.    In the event that the party which produced the confidential documents objects to the disclosure of the documents to a person designated under paragraph 4(b) of this Stipulation and Protective Order, it shall within ten days of receipt of notice notify the opposing counsel in writing of such objection and the grounds therefore, and, if such dispute is not resolved on an informal basis, shall promptly submit such objection to the Court for a ruling. There shall be no disclosure pending a resolution of the dispute either on an informal basis or by a ruling of the Court.

5.    a.    Confidential documents shall not be given, shown, made available, discussed or otherwise communicated to anyone other than the attorneys of record and in-house counsel, including their agents and employees acting under their direction, without first informing them of the contents of this Stipulation and Protective Order. In the case of former employees,

non-employee witnesses under paragraph 4(a)(vi) and persons specified in paragraph 4(a)(vii), counsel shall obtain from such person a signed acknowledgment, in the form attached hereto as Exhibit A, that the person:

    i.    Is familiar with the terms of this Stipulation and Protective Order and agrees to comply with and be bound by them, and

    ii.    Submits to this Court's jurisdiction for the purposes of enforcement of this Stipulation and Protective Order.

6.    a.    Documents designated "confidential" or the information contained therein may be referred to in the course of depositions, or made exhibits to depositions, and the deponent, all counsel, and other persons present at the deposition, or who review the transcript thereof, shall be informed of and be bound by the terms of this Stipulation and Protective Order.

    b.    Any party may designate as "confidential" testimony given during a deposition which, in good faith, it deems confidential, provided that the portion of the transcript relating to such confidential testimony shall be stamped confidential in accordance with the provisions of paragraph 2. Any party may designate as confidential any deposition testimony or deposition exhibits, by notice to all other parties, within 30 days of the date that the deposition transcript is received. All provisions of this Stipulation and Protective Order shall apply to all deposition transcripts and/or testimony designated as confidential.

7.    Documents and discovery responses designated as "confidential" or the information contained therein or deposition testimony designated "confidential" may be referred to in documents such as briefs and memoranda filed with the Court or made exhibits to such documents, provided that any party seeking to file a document which contains "confidential" information shall concurrently file a motion to file under seal pursuant to, and in accordance with, Local Rule 79-5.

8. Nothing herein shall affect the right of any party to move for the admission into evidence of any document designated "confidential" or any portion of any deposition designated "confidential." If such documents are admitted, however, the Court shall take appropriate measures to protect their confidentiality.

9. This Stipulation and Protective Order shall not apply to any document, or information contained therein, which is available publicly, or which is a matter of public record on file with any court or governmental or regulatory agency or board, or which is or becomes available to a party by any lawful and unrestricted means.

10. The parties agree that this Stipulation and Protective Order may not be used in this or any other matter for any purpose against any party, except as may be necessary to enforce its terms.

11. This Stipulation and Protective Order may be executed in any number of counterparts each of which shall be deemed to be an original and all of which shall constitute one and the same agreement.

12. If any party or its counsel objects to the producing party's designation of information as "confidential," it shall advise the producing party and the parties shall make a reasonable, good-faith effort to resolve the issue. If the parties are unable to resolve the issue, the objecting party may move the Court for an appropriate order. A dispute as to designation shall not be grounds for delay of or refusal to permit discovery; provided, however, that until otherwise ordered by the Court, all the material as to which a dispute exists shall be treated as "confidential," and subject to the provisions of this Order. An order by the Court denying a motion for leave to file under seal shall constitute a finding that the document or information is not "confidential" pursuant to this order.

13. Nothing herein shall preclude any party from seeking a protective order to provide greater or additional protections for documents or other information to be produced in this action.

14. This Stipulation and Protective Order may be amended only by the written agreement of the parties.

NON-WAIVER OF ATTORNEY CLIENT PRIVILEGE

15. The production of privileged documents or discovery information by one party does not operate to waive the attorney-client privilege or the protections of the attorney work product doctrine or the joint defense privilege of any other party.

16. The parties are permitted to produce to other parties in this litigation documents and discovery information pertaining to costs for legal services and litigation support services provided to them in connection with their defense of any claim or suit for which coverage is sought in this litigation. By producing such documents and discovery information, the party shall not be deemed to thereby waive any attorney-client privilege, work product protection, or other privilege that might pertain to any such legal services or litigation support services. This non-waiver notwithstanding, the parties agree that any such documents and information produced by such party may be used by any party for any appropriate purpose in this litigation only, subject to the terms of this Stipulation and Protective Order.

17. The inadvertent production of documents or discovery information does not constitute a knowing or voluntary waiver of the attorney-client privilege or the protections of the attorney work product doctrine or the joint defense privilege.

//

//

//

//

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION; CASE NO.: C 08-1779 JSW

9

STIPULATED AND APPROVED:

**HODGSON RUSS LLP**

*Attorneys for Westchester Fire Ins. Co.*

By: /s/ Lisa Bauer
Lisa Bauer,
Kevin D. Szczepanski, and
Brent Nowicki (all admitted *Pro Hac Vice*)
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
Telephone: (716) 848-1398
Facsimile: (716) 819-4751

- and -

**DILLINGHAM & MURPHY LLP**
Dennis J. Kelly and
Mark (Hsiao C.) Mao, Local Counsel
225 Bush Street, 6th Floor
San Francisco, California 94104-4207
Telephone: (415) 397-2700
Facsimile: (415) 397-3300

**HOGAN LOVELLS US LLP**
*Attorneys for Federal Ins. Co.*

By: /s/ Norman J. Blears
Norman J. Blears
525 University Avenue, 4th Floor
Palo Atlo, California 94301
Telephone: (650) 463-4000
Facsimile: (650 463-4199

    I, Norman J. Blears, attest that Lisa Bauer approved the Stipulated Protective Order Regarding Confidential Information , and consent to its filing in this action. I will maintain an executed copy of this Stipulation in our files that can be made available for inspection upon request.

By: /s/ Norman J. Blears

IT IS SO ORDERED, this 13 day of August, 2010.

_____
United States District Judge

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| JON W. BAYLESS and GARY J. MORGENTHALER, as Trustees in Dissolution for WESTWAVE COMMUNICATIONS, INC., a dissolved Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS UNION INSURANCE COMPANY, and DOES 1-10,<br><br>Defendants.<br>ILLINOIS UNION INSURANCE COMPANY,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>Third-Party Defendant. | CASE NO.: 03:08-CV-01779-JSW<br><br>**ACKNOWLEDGMENT AND AGREEMENT** |

I, _____, hereby acknowledge that I understand the terms of the Stipulated Protective Order Regarding Confidential Information (the "Protective Order") entered in this action, and I agree to comply with and be bound by the Protective Order. I further agree:

1. That I will not disclose to anyone who is not entitled to receive such information under the Protective Order documents or discovery responses designated "confidential" under the terms of the Protective Order;

2. That I will not make use of any such documents or discovery responses designated "confidential" under the terms of the Protective Order other than for the purposes of this litigation; and

3. To be subject to the jurisdiction of the United States District Court for the Northern District of California, with respect to any issue arising out of the Protective Order.

_____       _____
(Signature)                                                             (Date)

_____
(Printed Name)

_____
_____
_____
(Printed Address)

_____
(Telephone Number)